UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA DAVIS LYLES | * | CIVIL ACTION NO. 23-7400 |
| | * | C/W NO. 24-22, 24-315, 23-7430 |
| VERSUS | * | |
| | * | SECTION: "H"(1) |
| K&B LOUISIANA CORPORATION, ET AL. | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is the plaintiff's Motion for Leave to File First Amended, Restated, and Superseding Complaint. (Rec. Doc. 49). Because the purpose of plaintiff's proposed amendment is to defeat diversity jurisdiction and she has been dilatory in asserting it, granting leave to amend is not appropriate under 28 U.S.C. § 1447(e). Moreover, the proposed amendment is futile and plaintiff is not entitled to amend under Federal Rule of Civil Procedure 15. Accordingly, the Motion for Leave is DENIED.

Background

Plaintiff Pamela Davis Lyles alleges that her diagnosis of peritoneal mesothelioma was proximately caused by her regular exposure to asbestos containing talcum powder and talcum powder products (e.g., makeup). In her original lawsuit, she named Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Colgate-Palmolive Company, and K&B Louisiana Corporation (D/B/A RiteAid Corporation) individually and as a successor in interest to Katz & Besthoff, Inc. She alleged these defendants mined, researched, designed, developed, tested, manufactured, produced, packaged, distributed, promoted, marketed, supplied and/or sold the talcum products. She also named various insurers of K&B in direct action. Of relevance to the present motion, she alleged that over the course of many years, she, her parents, and her caregivers

purchased the defendants' talcum powder products from multiple K&B Drug Store locations in the New Orleans area. She filed suit in Louisiana state court on October 23, 2023.

K&B's parent Rite Aid and K&B had filed Chapter 11 Voluntary Bankruptcy Petitions shortly before this lawsuit was filed. K&B's insurers removed the claims against them pursuant to 28 U.S.C. § 1452(a) on the basis that the claims were related to the bankruptcy. After that, only non-diverse defendants remained in the state court litigation, and the remaining defendants removed to this court on the basis of diversity jurisdiction. The Court consolidated the removed actions. Following the bankruptcy court's approval of a bankruptcy plan for Rite Aid and its affiliates, Ms. Lyles moved to voluntarily dismiss her claims against the K&B insurers on September 27, 2024.

On October 4, 2024, Ms. Lyles filed the present Motion for Leave to file her First Amended, Restated, and Superseding Complaint. She seeks to join Fireman's Fund Insurance Company, individually and as liability insurer to Schwegmann, Inc., Schwegmann Bros., Inc. f/k/a Schwegmann Bros. Giant Super Markets, Inc., Schwegmann Giant Super Markets, Inc., and Schwegmann Giant Super Markets, as a direct action defendant. Where she previously alleged that she, her parents, and caregivers had purchased the talcum powder products from K&B, she now alleges the purchases were from multiple Schwegmann's locations in the New Orleans area. She asserts that the amendment was necessitated by new facts uncovered in the discovery process.

Defendants oppose the amendment. They insist there has been no discovery and that the true motivation for the proposed amendment is to defeat diversity jurisdiction. They argue further that Ms. Lyles has failed to allege a viable claim against Fireman's Fund because she has not properly pleaded a direct action under the recently amended statute.

Ms. Lyles has not filed a reply memorandum.

Law and Analysis

1. *Amendment to Add Non-Diverse Defendant*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL

717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

   2. *Plaintiff's proposed amendment*

For purposes of diversity jurisdiction, the Fireman's Fund—a liability insurer sued in a direct action—is deemed to be a citizen of every state where its insured is a citizen (in addition to the state where Fireman's is incorporated and where Fireman's has its principal place of business). See 28 U.S.C. § 1332(c)(1). Although Ms. Lyles has not identified the state of incorporation or principal place of business of either Fireman's or the Schwegmann's entities, it appears undisputed that Fireman's is a non-Louisiana company and the Schwegmann's entities have Louisiana citizenship. Accordingly, Fireman's is considered to have Louisiana citizenship.

Because plaintiffs seek to join a non-diverse defendant, the Court considers the proposed amendment under § 1447(e). In balancing the defendants' interest in maintaining this forum and the plaintiffs' interest in avoiding parallel litigation, the Court turns to the Hensgens factors.

The Court first considers the extent to which the purpose of the amendment is to defeat federal jurisdiction. "When courts analyze the first Hensgens factor, they consider 'whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.'" Tomlinson v. Allstate Indem. Co., No. CIV.A.06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (quoting Schindler v. Charles Schwab & Co., No. CIV.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)); see Shargian v. Shargian, 591 F. Supp. 3d 100, 107–08 (E.D. La. 2022) ("[C]ourts have recognized that a plaintiff's failure to

join non-diverse defendants whose identities plaintiff knew prior to removal suggests that the purpose of an amendment is to destroy diversity jurisdiction."). "Courts have also noted that when a plaintiff seeks to add non-diverse defendants 'shortly after removal, but prior to any additional discovery,' this may further suggest 'that the amendment is sought for the purpose of defeating diversity.'" Shargian, 591 F. Supp. 3d at 108 (quoting Martinez v. Holzknecht, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." Schindler, 2005 WL 1155862, at *3. In Tomlinson, the court found that the first factor weighed against granting the amendment where the plaintiffs were aware of the local defendant's identity and her actions before the state court complaint was filed.

Here, Ms. Lyles submits merely that the amendment was necessitated by new facts uncovered in discovery. Defendants argue that there has been no discovery. Of course, discovery from the defendants—or even third parties—is not likely the source of information about where Ms. Lyles, her parents, and her caregivers purchased the talcum products. In other words, this information is within the knowledge of Ms. Lyles, her parents, and her caregivers. While it is possible Ms. Lyles and her counsel recently identified Schwegmann as a place of purchase through their own investigation, that is entirely speculative in light of Ms. Lyles' vague assertion of newly uncovered facts without any detail about how or why the facts were newly uncovered. Moreover, the timing of her proposed amendment supports defendants' interpretation—shortly after dismissing the non-diverse defendant, she essentially seeks to substitute that defendant with a new non-diverse defendant without any other change to the facts alleged. Importantly, information about where Ms. Lyles, her parents, and her caregivers purchased the talcum products would likely

have been available to Ms. Lyles at the time she filed suit a year ago. Indeed, she alleges that she and others purchased talcum products over a period of over 50 years and as recently as 2020. At the time of filing suit she remembered purchases being made from K&B. It is likely she could and did remember purchases from Schwegmann's as well. Critically, she offers no explanation for why Schwegmann's was not named in the initial petition. Together this suggests the purpose of the amendment is to defeat diversity jurisdiction. This weighs against granting leave to amend.

The Court next considers whether Ms. Lyles has been dilatory in asking for the amendment. "When determining if a plaintiff was dilatory in seeking to amend, 'courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment.'" Neely v. Scottsdale Ins. Co., No. CIV.A. 14-0048, 2014 WL 1572441, at *5 (E.D. La. Apr. 17, 2014) (quoting Tomlinson, 2006 WL 1331541, at *4). Ms. Lyles sought leave to amend almost a year after filing suit and shortly after dismissing the non-diverse defendants from this case. As discussed above, Ms. Lyles knew or should have known that purchases were made from Schwegmann's at the time of filing suit and she has offered no explanation to the contrary. Accordingly, her attempt to add Schwegmann's insurer Fireman's at this time is dilatory.

The next Hensgens factor is whether the plaintiff would be significantly injured if the amendment was not allowed. Ms. Lyles offers no argument in this regard. The Court will not presume any prejudice will be suffered. This factor weighs against granting leave to amend.

The Hensgens factors weigh against allowing the proposed amendment. Moreover, as the defendants point out, the proposed amendment is likely futile and would be disallowed under Rule 15 alone. Under applicable Louisiana law, a direct action against an insurer is only available where the insured has been adjudged bankrupt, is insolvent, service on the insured has been unsuccessful,

the cause of action is a result of an offense or quasi-offense between children and their parents or between married persons, the insurer is an uninsured motorist carrier, the insured is deceased, or the insured is defending under a reservation of rights. La. Rev. Stat. § 22:1269.  Ms. Lyles has not plead the existence of any of these factors. And defendant Colgate-Palmolive submits that none are applicable. It appears Ms. Lyles has not plead a valid claim against Fireman's and the proposed amendment is futile.

## Conclusion

Because the purpose of Ms. Lyles' proposed amendment is to defeat diversity jurisdiction and she has been dilatory in asserting it, granting leave to amend is not appropriate under 28 U.S.C. § 1447(e). Moreover, the proposed amendment is futile and Ms. Lyles is not entitled to amend under Rule 15. Accordingly, Ms. Lyles' Motion for Leave to File First Amended, Restated, and Superseding Complaint (Rec. Doc. 49) is DENIED.

New Orleans, Louisiana, this  4th  day of November, 2024.

Janis van Meerveld
United States Magistrate Judge